DAVID R. DONADIO, ESQ., S.B. #154436
NANCY T. WILLIAMS, ESQ., S.B. #201095
JAMES P. NEVIN, ESQ., S.B. #220816
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

**THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOUIS CASTAGNA, | No. C07-4526-EMC |
| Plaintiff, | |
| vs. | COMPLAINT FOR PERSONAL INJURY - ASBESTOS - JONES ACT |
| INTERLAKE STEAMSHIP COMPANY, | |
| Defendant. | |

**I.**

**PARTIES**

1. Plaintiff in this action, LOUIS CASTAGNA has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos.

2. Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites. The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

3. All of Plaintiff's claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or

maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative, progressive, incurable lung diseases.

4.     Plaintiff claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

5.     As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff.

6.     Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.     Jurisdiction: Plaintiff LOUIS CASTAGNA is a citizen of the State of California. Defendant INTERLAKE STEAMSHIP COMPANY is a corporation incorporated under the laws of, and having its principal place of business in the State of Ohio.

This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

8.     Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, Plaintiff is a Citizen of California, and

Defendant is subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

<u>FIRST CAUSE OF ACTION</u>
(Negligence)

PLAINTIFF COMPLAINS OF DEFENDANT INTERLAKE STEAMSHIP COMPANY, THEIR ALTERNATE ENTITIES, AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9. Plaintiff incorporates herein by reference, as though fully set forth hereat, the allegations contained in paragraphs one through eight herein.

10. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos. The following defendants, and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
| --- | --- |
| INTERLAKE STEAMSHIP COMPANY | (Presently Unknown to Plaintiff) |

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter

collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by "exposed persons".

14. Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

14. Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

15. Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in Exhibit A, attached to plaintiff's complaint and incorporated by reference herein.

16. As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the plaintiff as set forth in **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

17. Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers
without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18. Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19. As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, plaintiff has suffered, and continues to suffer, permanent injuries and/or future increased risk of injuries to his person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven at trial.

20. As a direct and proximate result of the aforesaid conduct of the defendants, their ALTERNATE ENTITIES, and each of them, plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained. As a direct and proximate result of the aforesaid conduct of the defendants, their ALTERNATE ENTITIES, and each of them, plaintiff has incurred, is presently incurring, and will incur in the future, liability for the reasonable value of medial care provided by plaintiff's family members measured by, inter alia, the costs associated with the hiring a registered nurse, home hospice, or other service provider, the true and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this complaint accordingly when the true and exact costs are known or at time of trial.

21. As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, plaintiff has incurred, and will incur, loss of

income, benefits, entitlements, wages, profits, and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

22. Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

23. Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

24. The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in conscious or reckless disregard and indifference to the safety, health, and rights of "exposed persons", including plaintiff herein, giving rise to plaintiff's claim herein alleged for punitive damages against said defendants.

WHEREFORE, plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Products Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER, AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY, PLAINTIFF COMPLAINS OF DEFENDANT INTERLAKE STEAMSHIP COMPANY, ITS ALTERNATE ENTITIES, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

25. Plaintiff incorporates herein by reference, as though fully set forth hereat, the allegations contained in the First Cause of Action herein.

26. Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products, would be used by

the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

27. Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of defendants, their ALTERNATE ENTITIES, and each of them. Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons", including plaintiff herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

28. "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons". Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which plaintiff and others similarly situated were exposed.

29. In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

30.     On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons", who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons", who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

31.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

32.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design,

1  modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for
2  sale, supply, sale, inspection, installation, contracting for installation, repair, marketing,
3  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,
4  or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-
5  containing products.  In pursuance of said financial motivation, said defendants, their
6  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
7  persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
8  containing products to cause injury to "exposed persons" and induced persons to work with and
9  be exposed thereto, including plaintiff.

10      33.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE
11  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
12  products, to be safe for their intended use, but that their asbestos and asbestos-containing
13  products, created an unreasonable risk of bodily harm to exposed persons.

14      34.     Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos
15  and various asbestos-containing products manufactured, fabricated, inadequately researched,
16  designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered
17  for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated,
18  promoted, installed, represented, endorsed, contracted for installation, repaired, marketed,
19  warranted, rebranded, manufactured for others, packaged and advertised by the aforementioned
20  defendants, their ALTERNATE ENTITIES, and each of them and that plaintiff cannot identify
21  precisely which asbestos or asbestos-containing products caused the injuries complained of
22  herein.

23      35.     Plaintiff relied upon defendants', their ALTERNATE ENTITIES, and each of
24  their representations, lack of warnings, and implied warranties of fitness of asbestos and their
25  asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, plaintiff has
26  been injured permanently as alleged herein.

27      36.     As a direct and proximate result of the actions and conduct outlined herein,
28  plaintiff has suffered the injuries and damages herein alleged.

1   WHEREFORE, plaintiff prays judgment against defendants, their ALTERNATE
2   ENTITIES, and each of them, as hereinafter set forth.
3   ///
4   ///

### THIRD CAUSE OF ACTION
(Unseaworthiness)

AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR UNSEAWORTHINESS, PLAINTIFF COMPLAINS OF DEFENDANT INTERLAKE STEAMSHIP COMPANY ALTERNATE ENTITIES, AND EACH OF THEM (hereinafter referred to as JONES ACT DEFENDANTS), AND ALLEGES AS FOLLOWS:

37.   Plaintiff incorporates herein by reference, as though fully set forth hereat, each and every paragraph of the First and Second Causes of Action.

38.   Plaintiff is a citizen of the United States of America.  This Court has jurisdiction under the Jones Act (46 U.S.C. Section 688, et seq.) and under General Maritime Law pursuant to Article III, Section 2 of the United States Constitution, supplemented by the laws of the State of California.

39.   At all times herein, each of the JONES ACT DEFENDANTS was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity owned, operated, maintained and controlled those certain vessels of American registry herein mentioned, and used said vessels in the transportation of freight and cargo in interstate and/or foreign commerce.  Said entities shall hereinafter be called ALTERNATE ENTITIES.  Each of the herein named defendants are liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that owned,

1  operated, maintained, and controlled those certain vessels of American registry herein
2  mentioned, and used said vessels in the transportation of freight and cargo in interstate and/or
3  foreign commerce.  The following defendants, and each of them, are liable for the acts of each
4  and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction
5  of plaintiff's remedy against each such ALTERNATE ENTITY, defendants, and each of them,
6  have acquired the assets, product line, or a portion thereof, of each such ALTERNATE ENTITY;
7  defendants, and each of them, caused the virtual destruction of plaintiff's remedy against each
8  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading
9  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill
10 originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| INTERLAKE STEAMSHIP COMPANY | (Presently Unknown to Plaintiff) |

14      40.     During the years as set forth on Exhibit A, plaintiff was employed by the JONES
15 ACT DEFENDANTS, their ALTERNATE ENTITIES, and each of them, on their vessels, and
16 was at all of said times, acting within the course and scope of said employment as a merchant
17 seaman and in other occupations during said years in the service on said vessels, he was then and
18 there exposed to asbestos, silica, asbestos- and silica-containing products, asbestos and diesel
19 fumes and other fumes and dusts and second-hand smoke, and other toxic substances, the
20 pathological effect of which was without noticeable trauma and was unknown to plaintiff.
21      41.     At all times herein mentioned, while in the service of said vessels, plaintiff
22 suffered injuries, illness, and disabilities, which resulted from exposure to asbestos, silica,
23 asbestos- and silica-containing products, asbestos, and diesel fumes and other fumes and dusts
24 and second-hand smoke, and other toxic substances.
25      42.     Said injuries and illnesses suffered by plaintiff were directly and caused by the
26 defendants, and each of them, in failing to furnish plaintiff with safe and seaworthy vessels; and
27 in failing to provide a safe place to work or a safe means with which to do the required work
28 aboard said vessels; and exposing plaintiff to unreasonable risks of harm and injury there at; in

1  failing to furnish plaintiff with adequate aid, protection, warnings, advice, and assistance with
2  which to do assigned tasks; requiring plaintiff to work under unsafe conditions and
3  circumstances aboard said vessels; and further, in failing to provide plaintiff with prompt,
4  adequate, or sufficient medical care, advice, and treatment for disabilities, injuries, illness, and
5  damages aboard said vessels, and thereafter.

6  43.  By reason of the foregoing, plaintiff was caused to and did sustain severe, painful,
7  and disabling injuries and illnesses to his lungs and body, a shock to his nervous system, and
8  other injuries and illnesses not fully known at this time. Plaintiff prays leave to amend this
9  Complaint to allege the full extent of said injuries, illnesses, damages, and disabilities when the
10 same are more definitely ascertained.

11 44.  As a direct and proximate result of the aforesaid conduct of the defendants, their
12 ALTERNATE ENTITIES, and each of them, plaintiff has incurred, is presently incurring, and
13 will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine,
14 hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown
15 to plaintiff at this time, and plaintiff prays leave to amend this complaint accordingly when the
16 true and exact cost thereof is ascertained.  As a direct and proximate result of the aforesaid
17 conduct of the defendants, their ALTERNATE ENTITIES, and each of them, plaintiff has
18 incurred, is presently incurring, and will incur in the future, liability for the reasonable value of
19 medial care provided by plaintiff's family members measured by, inter alia, the costs associated
20 with the hiring a registered nurse, home hospice, or other service provider, the true and exact
21 amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this
22 complaint accordingly when the true and exact costs are known or at time of trial.

23 45.  As a further result of the foregoing, plaintiff was rendered unable to engage in his
24 normal and usual calling.  Plaintiff does not know the value of plaintiff's loss of earnings, and
25 prays leave to amend this Complaint to allege the full extent of said loss when it is more
26 definitely ascertained.

27 WHEREFORE, plaintiff prays for judgment against defendants, their ALTERNATE
28 ENTITIES, and each of them, as hereinafter set forth.

1 ///
2 ///
3 ///
4 ///
5 ///

## FOURTH CAUSE OF ACTION
(Negligence [Jones Act])

AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (Jones Act), PLAINTIFF COMPLAINS OF DEFENDANTS INTERLAKE STEAMSHIP COMPANY, THEIR ALTERNATE ENTITIES, AND EACH OF THEM (hereinafter referred to as JONES ACT DEFENDANTS), AND ALLEGES AS FOLLOWS:

46. Plaintiff incorporates herein by reference as though fully set forth hereat, each and every allegation of the Third Cause of Action.

47. Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities herein incorporated, and above defendants, their ALTERNATE ENTITIES, and each of them, breached said duty of care.

48. Said injuries and illnesses suffered by plaintiff were directly and caused by the negligent acts and omissions of the defendants, and each of them, their agents, servants, and employees, in negligently failing to provide plaintiff with a safe place to work or a safe means with which to do the required work aboard said vessels; and negligently exposing plaintiff to unreasonable risks of harm and injury thereat; and negligently failing to furnish plaintiff with adequate aid, protection, warning, advice, and assistance with which to do the assigned tasks; and negligently requiring plaintiff to work under unsafe conditions and circumstances aboard said vessels; and further, in negligently failing to provide plaintiff with prompt, adequate, or sufficient medical care, advice, and treatment for his disabilities, injuries, illness, and damages aboard said vessels and thereafter.

1   WHEREFORE, plaintiff prays for judgment against defendants, their ALTERNATE
2   ENTITIES, and each of them, as hereinafter set forth.
3   ///
4   ///
5   ///
6   ///

FIFTH CAUSE OF ACTION
(Maintenance and Cure)

AS AND FOR A FURTHER, FIFTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR MAINTENANCE AND CURE, PLAINTIFF COMPLAINS OF DEFENDANTS INTERLAKE STEAMSHIP COMPANY, THEIR ALTERNATE ENTITIES, AND EACH OF THEM (hereinafter referred to as JONES ACT DEFENDANTS), AND ALLEGES AS FOLLOWS:

49.   Plaintiff incorporates herein by reference, as though fully set forth hereat, each and every paragraph of the Third and Fourth Causes of Action.

50.   By reason of the foregoing, plaintiff is entitled to receive from said defendants, their ALTERNATE ENTITIES, and each of them, maintenance and cure from the time plaintiff became disabled from work by reason of his injuries, illnesses, disabilities, and damages, at a reasonable rate per day.

WHEREFORE, plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

## IV.

## PRAYER

WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them in an amount to be proved at trial, as follows:

(a) For Plaintiff's general damages according to proof;

1     (b) For Plaintiff's loss of income, wages and earning potential according to proof;

2     (c) For Plaintiff's medical and related expenses according to proof;

3     (d) For Plaintiff's cost of suit herein;

4     (e) For exemplary or punitive damages according to proof;

5     (f) For damages for fraud according to proof; and

6 ///

7 ///

8     (g) For such other and further relief as the Court may deem just and proper, including

9     costs and prejudgment interest.

10

11 Dated: August 27, 2007                       BRAYTON❖PURCELL LLP

12                                               /s/  David R. Donadio

13                                           By: _____

14                                                  David R. Donadio
                                                 Attorneys for Plaintiffs

15

## JURY DEMAND

16

17 Plaintiffs hereby demand trial by jury of all issues of this cause.

18 Dated: August 27, 2007                       BRAYTON❖PURCELL LLP

19                                               /s/  David R. Donadio

20                                           By: _____

21                                                David R. Donadio
                                               Attorneys for Plaintiffs

22

23

24

25

26

27

28